UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
==================================================================
In re:
    CHESTER W. HOISINGTON, III
                                         )    CHAPTER 13
                                         )    Case No.:11-30592
                         Debtor .  )
==================================================================
                         AMENDED CHAPTER 13 PLAN

    (If this form is used by joint debtors, wherever the word "debtor" or words referring to debtor are used, they shall be read as if in the plural.)

    1.   The future earnings of the debtor are submitted to the supervision and control of the trustee and the debtor. Debtor shall pay to the trustee the sum of $370.00 per month for 60 months.
        Total of plan payments: $22,200.00.

    2.   The various claims of the Debtors' creditors shall be classified as follows:

        a.    Class One: Claims filed and allowed which are entitled to priority under 11 U.S.C. §507.

        b.    Class Two: All allowed secured claims secured by a lien which are not avoidable by the Debtors under 11 U.S.C. §522. A Creditor's secured claim shall be the lesser of the amount due on the date of filing or the value of the collateral to which the creditor's lien attaches. Upon payment of the amount allowed by the Court as a secured claim in the Plan, the secured creditors included in the plan shall be deemed to have their full claims satisfied and shall terminate any mortgage, lien or security interest on the debtors' property which was in existence at the time of the filing of the Plan, or the Court may order termination of such security interest.

        c.    Class Three: All allowed unsecured claims.

3.   The payments received by the trustee from the Debtors pursuant to this plan shall be distributed as follows:

        a.    Class One Claims: The amount paid by the Debtors to the trustee shall be distributed first to the class one claims, pro rata, until they are paid in full.

            1.   Trustee's Commissions.
            2.   Balance of Attorney's Fees to David P. Zangari in the amount of $2,200.00.
            3.   Federal Income Taxes in the amount of $1,408.37

b. <u>Class Two Claims</u>: After the application of the appropriate amount each month to the class one claims, the entire amount of the monthly payment remaining in the hands of the trustee shall be distributed to the holders of the class two claims until each such claimant shall have received 100% of the amount allowed on each claim.

c. <u>Class Three Claims</u>: After the application of the appropriate amount each month to the class one and the class two claims, the entire amount of the monthly payment remaining in the hands of the trustee shall be distributed, pro rata, to the holders of the class three claims as follows:

**41 %**

4. a. The value collateral lien held on the 2008 Polaris Snowmobile First Niagara Bank shall be fixed in the amount of $3,000.00, and shall be surrendered by the debtor to the creditor. The balance of the claim shall be an unsecured claim and treated as a class three claim.

b. The value collateral lien held on the 2010 Salem camper shall be fixed in the amount of $19,000.00, and shall be surrendered by the debtor to the creditor. The balance of the claim shall be an unsecured claim and treated as a class three claim.

c. The value collateral lien held on the 1998 Larsen 19' Boat by The Lyons National Bank shall be fixed in the amount of $7,000.00, and shall be surrendered by the debtor to the creditor. The balance of the claim shall be an unsecured claim and treated as a class three claim.

d. The value collateral lien on the Sofa and Love Seat Furniture by Wells Fargo Financial Bank shall fixed in the amount of $2,238.38, and shall be paid as a secured claim with interest at 5% by the Standing Trustee. Upon completion of the plan, the debtor shall be entitled to a discharge/satisfaction of Wells Fargo Financial Bank's lien.

e. The value collateral lien held on the 2008 Chevrolet Cobalt by Canandaigua National Bank will be paid directly to that creditor by the codebtor, Timothy Hoisington and will not be paid under the plan. At the time of the filing of the Petition, no arrears exist.

5. That the following **PROPERTY SHALL BE SURRENDERED IN FULL SATISFACTION OF THE SECURED CLAIMS:**

| Name of Creditor | Security | Amount |
|---|---|---|
| Bank of America | Real property 8965 Jackson St., Weedsport, NY | $110,311.80 |

Visions FCU          2005 Dodge 1500 Pickup     $ 14,223.00

If applicable, all judgment liens that impair the homestead of the debtors shall be avoided pursuant to 11 U.S.C. 522(f).

6. By failing to object to this plan, or any modification thereof, all creditors holding claims agree not to make any effort to collect their claims from any cosigners that may exist, so long as this case remains pending.

7. Confirmation of this plan shall constitute a finding in accordance with 11 U.S.C. §1322 that there is cause for extending the plan beyond three years. Confirmation shall also constitute approval of such extension. Such extension is essential to the success of the plan. Without it the plan would fail and no claims would be paid according to said plan.

8. The title to the property of the estate shall revest in the Debtors upon confirmation of this plan, and the Debtors shall have sole right to use and possession thereof during the pendency of this case.

9. Any money or property acquired by either the trustee or the Debtors or refunded from the trustee's percentage fees, while this case is pending shall be deemed exempt property of the debtors if exemptible, and shall be forthwith delivered to the Debtors.

10. The Employer on whom the Court will be requested to order payment withheld from earnings is:
NONE- Payments to be made directly by debtor without wage deduction.

11. The following executory contracts are rejected, with the refunds of prepaid charges claimed as exempt property:

12. The claims of any creditor not listed as of the date of filing, or any post petition claim shall, upon amendment of the plan, be allowed and paid through the amended plan.

Title to the Debtor's property shall revest in the debtor on confirmation of a plan or upon dismissal of the case after confirmation, pursuant to 11 U.S.C. §350.

Dated: 5-18-11                    _____
                                  CHESTER W. HOISINGTON, III